NEW ENGLAND LIME COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18055.    Promulgated November 28, 1949.

*Sumner H. Babcock, Esq.,* for the petitioner.
*Melvin L. Sears, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge*: A number of factors must be taken into consideration in determining whether a certain security is stock or evidence of indebtedness. *John Kelley Co.*, 1 T. C. 457, 462; affd., 326 U. S. 521. Here many of them are favorable to the petitioner's contention. The debentures of the petitioner were always called and recorded as debenture bonds requiring the payment of interest. They were issued in both registered and coupon form. They are unquali-

fiedly due and payable 25 years from their date. A part of the interest is absolutely fixed, while the remainder is payable unqualifiedly if earned, but is not cumulative. Cf. *Kelley Co.* v. *Commissioner*, 326 U. S. 521, affirming 1 T. C. 457. The payment of the interest is not dependent upon the discretion of anyone. The right of the debenture holders to the interest is on a parity with the rights of other creditors and not subordinate thereto. Although a part of the interest is dependent upon earnings, still that arrangement was not merely a scheme to distribute earnings to stockholders. The holders of the debentures, as such, had no voice in management. The stockholders did not hold the debentures in a uniform proportion to their stock. The stock and bonds were widely distributed. The change from stock to debentures had business purposes other than the saving of taxes. General creditors do not take precedence over the bondholders and, if the corporation ever decides to mortgage any of its properties, it must set aside an equal amount in value of its property to secure these debentures. Unfavorable to the petitioner is the fact that preferred stock was exchanged for the debentures without the lending of any money at that time. Cf. *1432 Broadway Corporation*, 4 T. C. 1158; affd., 160 Fed. (2d) 885. However, the preferred stock had been received originally in exchange for debts owed the recipients by the old corporation before the reorganization under section 77–B.

The principal argument of the respondent is that there was no capital invested in stock of the petitioner and the debt structure was excessive, so that the "debentures" in fact represented equity capital at the risk of the business. He claims this is one of the "extreme situations" referred to in *John Kelley Co.*, *supra*, and in *Swoby Corporation*, 9 T. C. 887. Cf. *Mullin Building Corporation*, 9 T. C. 350; affd., 167 Fed. (2d) 1001. It is true that the balance sheets for November and December, 1941, listed the common stock without any stated value. However, 774 shares of preferred stock remained outstanding, and the balance sheet showed net assets of slightly more than $57,000, a part of which would have to be attributed to the common stock after allocating a proper amount to the outstanding preferred stock. The petitioner made no effort to show what the true value of its assets was at any time material hereto, but it did prove sales of its common stock in the latter part of 1941 and during 1942 at prices ranging from 50 cents a share to $2 a share. These sales, although of small quantities, appear to have been arm's length transactions and indicate that the outstanding common stock actually had substantial value. The substantial value in the outstanding stock, the wide and disproportionate distribution of the stock and bonds, the shift of the voting power to the common stock, and other factors mentioned above, serve to distinguish this case from those relied upon by

the respondent. The respondent also claims that the change from preferred stock to debentures was made solely as a tax avoidance scheme, but the evidence does not support this contention. It shows, on the contrary, that there were other real reasons for the change, including the desire to give the officers and others voting rights on their common shares. The parties recognized that the shift would help the petitioner taxwise, but that is not sufficient reason for denying the deductions claimed. The respondent raises no question about the correctness of the amounts claimed as deductions in these two years.

The case appears to be fully as strong for the taxpayer as was the *Kelley* case, *supra*, when all of the factors involved have been weighed. The amounts in question are deductible as interest. Cf. *Toledo Blade Co.*, 11 T. C. 1079.

Reviewed by the Court.

*Decision will be entered under Rule 50.*